IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DANIEL S. O'SHEA              *
                              *
        v.                    *   Civil No. JFM-05-937
                              *
LOCAL UNION NO. 639, et al.   *
                         *******

MEMORANDUM

Plaintiff has brought this hybrid action asserting claims for breach of the duty of fair representation against Teamsters Local Union No. 639 ("Local 639") and for a breach of contract against United Parcel Service ("UPS"). Presently pending, *inter alia*, are motions for summary judgment filed by Local 639 and UPS, plaintiff's cross-motion for summary judgment, and plaintiff's "Rule 56(f) motion and for meaningful discovery."[1] Plaintiff is appearing *pro se* but has fully briefed all of the motions. The motions for summary judgment filed by Local 639 and UPS will be granted. Plaintiff's cross-motion for summary judgment and his Rule 56(f) motion will be denied.

Plaintiff's claims are frivolous, and I will address them only in a summary fashion.

I.

A plaintiff has a very heavy burden to meet in order to prevail on a breach of duty of fair representation claim. He must demonstrate that the union's conduct was "arbitrary, discriminatory or in bad faith." *Vaca v. Sipes*, 386 U.S. 171, 190 (1967); *Thomson v. Verizon Maryland, Inc.*, 140 F. Supp. 2d 546, 551 (D. Md. 2001). A union is entitled to a "wide range of reasonableness" in performing its representational functions, *Smith v. Steel Workers*, 834 F.2d

---

[1] In light of my disposition of these motions, the other pending motions are rendered moot.

93, 96 (4th Cir. 1987), and "mere negligence, poor judgment, or inefficiency on the part of the union will not satisfy . . . [the plaintiff's burden]." *Thomson*, 140 F. Supp. at 551.

II.

Under Fed. R. Civ. P. 56(f), a continuance of summary judgment proceedings is appropriate where discovery is necessary in order to uncover "facts essential to justify . . . [a] party's opposition." Here, the record in the arbitration proceeding already establishes all material facts necessary to decide the pending summary judgment motions. Therefore, plaintiff's motion under Rule 56(f) is without merit.

III.

There is absolutely no evidence here that Local 639 acted in bad faith or in an arbitrary or discriminatory fashion. Indeed, there is no evidence that the union committed any errors at all in representing plaintiff. To the contrary, it vigorously represented him through the arbitration process. In that regard, two facts are particularly telling.

First, at the conclusion of the arbitration hearing, the chairman of the panel asked plaintiff if he had been properly represented by his business agent and Local 639. In response, plaintiff stated "they made a good presentation." He went on to qualify that concession by referring to an unfair labor practice he had filed against Local 639 claiming lack of fair representation. However, plaintiff withdrew that charge prior to the arbitration panel rendering its decision.

Second, although Local 639 was not successful in obtaining a reversal of UPS's decision to terminate plaintiff's employment, it did persuade the panel to award plaintiff approximately $15,000 in back pay for the time between his discharge and the issuance of the decision.

IV.

Plaintiff alleges that he did not receive fair representation because he is a political dissident in union affairs. Although Local 639 does not contest that plaintiff was a dissident, that fact alone is not sufficient to establish a breach of representation claim. *See, e.g.*, *Ash v. United Parcel Service, Inc.*, 800 F.2d 409, 411 (4th Cir. 1986); *Hardee v. North Carolina Allstate Serv., Inc.*, 537 F.2d 1255, 1258-59 (4th Cir. 1976). Proof of motive is not enough. There must be evidence of inadequate representation, and, as just stated, the record establishes that it in fact Local 639 provided wholly satisfactory representation.

V.

Further, even assuming Local 639 had breached its duty of fair representation, the breach would have been immaterial because the outcome of the arbitration would have been the same. Plaintiff's employment was terminated because he secretly taped conversations with UPS officials. Plaintiff contends that UPS had no express policy prohibiting such secret taping. However, it is a violation of Maryland law for someone to tape conversations he has with another person without the other person's consent, *see* Md. Code Ann. §10-402(c)(3), and an implicit provision of any employer's personnel policies is that its employees not violate the law. There is no basis for inferring that any additional witnesses or arguments presented by the union would have persuaded the arbitration panel to reverse UPS' termination decision in light of plaintiff's admitted misconduct.

VI.

A plaintiff may proceed with a § 301 claim against his employer only if he has first prevailed on his fair representation claim against the union. *See, e.g.*, *Breininger v. Sheet Metal*

*Workers Int'l Assoc. Local Union No. 6*, 493 U.S. 67, 82 (1989); *Ash,* 800 F.2d at 411; *Thomas v. Siemens VDO Automotive Corp.*, 2005 W.L. 1898373, at *749 (4th Cir. Aug. 9, 2005). Therefore, my granting summary judgment to Local 639 on the fair representation claim entitles UPS to summary judgment on plaintiff's §301 claim as well.

     A separate order effecting the rulings made in this memorandum is being entered herewith.

Date:  March 23, 2006        /s/_____
                                      J. Frederick Motz
                                      United States District Judge